UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| RIVIERA DISTRIBUTORS, INC. and LARRY L. HARTLEY, <br><br> Plaintiffs, <br><br> v. <br><br> TIMOTHY S. JONES and MIDWEST ELECTRONIC SPECIALTIES, INC., <br><br> Defendants. | Case No. 04-1430 |

# O R D E R

This matter is now before the Court on Defendants' Motion for Attorney's Fees and Bill of Costs. For the reasons set forth below, the Motion for Attorney's Fees [#60] is DENIED, and costs are awarded in favor of Defendants in the amount of $1,082.21.

## DISCUSSION

I.  *Motion for Attorney's Fees*

In granting Plaintiffs' Motion to Voluntarily Dismiss this case, Defendants requested an award of attorney's fees. The Court declined to award fees, finding that the record did not warrant such an award. Undaunted by the Court's ruling, Defendants now seek an award of fees pursuant to 17 U.S.C. § 505, which provides in relevant part:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

Factors to be considered in determining whether to award fees are frivolousness, motivation, objective unreasonableness, and the need in particular circumstances for compensation and deterrence. Fogerty v. Fantasy, Inc., 510 U.S. 517, 535 (1994).

In support of their request, Defendants argue that they are prevailing parties and that Plaintiffs' case was frivolous. However, in making this argument, Defendants rely on an erroneous interpretation of the Court's March 14, 2006, Order, as well as a skewed interpretation of the history of this case.

In dismissing this case with prejudice, the Court did not in any way pass on the merits of the litigation. Rather, the Court simply found that under the procedural posture of the case and the provisions of Rule 41, Plaintiffs could not voluntarily dismiss the case without prejudice without Defendants' consent. Not surprisingly, Defendants declined to consent to dismissal without prejudice, resulting in the granting of Plaintiffs' alternative request for voluntary dismissal with prejudice. As in National Conference of Bar Examiners v. Multistate Legal Studies, Inc., 692 F.2d 478, 488 (7th Cir. 1982), there has been no evidence of lack of merit to Plaintiffs' copyright infringement claims and no finding with respect to the merits of the case. The Court therefore does not believe that Defendants are entitled to prevailing party status on the facts of this case.

Moreover, even assuming that Defendants could be deemed prevailing parties, they would still not be entitled to fees under the Fogerty factors. Defendants' argument is essentially that because they were meritorious in their defense, Plaintiffs have admitted that their claims were baseless. As previously noted, Defendants were not found to have a meritorious defense. To the contrary, Plaintiffs' claims survived a motion to dismiss and made a plausible showing of copyright infringement. The case would presumably be proceeding to trial had Plaintiffs not elected to voluntarily dismiss their case after they realized that they had unintentionally omitted certain allegations from their Complaint and received notice that key pieces of evidence had been destroyed by the repository through

no fault of the Plaintiffs. Accordingly, the Court rejects the suggestion that Plaintiffs' pursuit of this action was frivolous, baseless, or objectively unreasonable.

In support of their assertion that this litigation was improperly motivated, Defendants offer the self-serving speculation that "Plaintiffs brought this suit to obtain from Defendants, Plaintiffs' chief competitors, copies of Defendants' trade secret code for the accused Stars and Stripes game." However, Plaintiffs' conduct belies this assertion. In response to Defendants' confidentiality concerns, Plaintiffs agreed to a protective order that limited access to attorneys only. Defendants then stated that they were reluctant to turn over the code to counsel because counsel was "closely affiliated" and had a longstanding relationship with Plaintiffs. Plaintiffs then proposed that the code be turned over to another attorney and pre-approved expert who did not have prior relationships with Plaintiffs. Defendants still refused to turn over the requested discovery. Accordingly, Defendants' claims of improper or bad faith motivation are nothing more than conjecture that is simply not supported by the record.

Nor can the Court find any need for deterrence or compensation in this case, as Plaintiffs' claim was based on objectively reasonable claims supported by some evidence that Plaintiffs were denied the opportunity to test by Defendants' delay in responding to legitimate discovery and abrupt abandonment of the mediation efforts without prior notice. The Court would also note that in moving to voluntarily dismiss this case, Plaintiffs invoked the safe harbor provision of Rule 11, and an award of fees under the circumstances of this case would frustrate the goals and purposes of that provision.

For all these reasons, this case is readily distinguishable from the presumptive entitlement situation addressed in Assessment Technologies of WI, LLC v. Wire Data, Inc., 361 F.3d 434, 436 (7th Cir. 2004). Thus, the balance of the Fogerty factors indicate that the

Court should exercise its discretion to decline Defendants' request for an award of attorney's fees, and Defendants' Motion is therefore denied.

II.     *Bill of Costs*

Defendants have submitted a Bill of Costs in the amount of $7,276.67.  "[C]osts . . . shall be allowed as of course to the prevailing party unless the court otherwise directs . . . ."  Fed. R. Civ. P. 54(d)(1).  The costs that may be recovered pursuant to Rule 54(d)(1) are specified in 28 U.S.C. § 1920.  See Crawford v. Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441 (1987).  They include: (1) fees of the clerk and marshal; (2) fees of the court reporter; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and copies of "papers necessarily obtained for use in the case"; (5) docket fees; and (6) compensation of court appointed experts and interpreters.  28 U.S.C. § 1920.  The Court has previously found that Defendants shall receive reasonable costs in this matter.  Plaintiffs do not object to the award of costs per se, but rather challenge certain items sought as either unrecoverable or unreasonable.  Each item will be addressed in turn.

    A.     Computerized Research

Defendants claim a total of $3,459.33 in computerized research expenses as costs.  However, this Court has routinely held that such expenses are not costs within the meaning of Rule 54(d) or § 1920, but rather are items of attorney overhead.  See McIlveen v. Stone Container Corp., 910 F.2d 1581, 1584 (7th Cir. 1990).  The Court therefore declines Defendants' request to award such expenses as costs.

    B.     Attorney Admission

As Fees of the Clerk, Defendants seek $200.00, which apparently represents the fees associated with two of Defendants' counsel becoming admitted to practice in the Central District of Illinois.  With all due respect, this category of cost is intended to cover

court fees such as the filing fee or a complaint or removal, not the cost of an attorney admission. The admission charge is clearly an example of attorney overhead that cannot be passed on to the opposing party as a taxable cost. Accordingly, the $200.00 sought will not be awarded.

      C.      Photocopying Charges

Defendants seek $1,679.42 in photocopying charges. Pursuant to 28 U.S.C. § 1920, the costs of photocopies "of papers necessarily obtained for use in the case" are recoverable by the prevailing party. As previously discussed with respect to deposition costs, the Seventh Circuit found in <u>Cengr v. Fusibond Piping Systems, Inc.</u>, 135 F.3d 445, 455 (7th Cir. 1998), that "[t]he proper inquiry is whether the deposition was 'reasonably necessary' to the case at the time it was taken, not whether it was used in a motion or in court." While the Court of Appeals was addressing deposition costs, this Court believes that this rationale is equally applicable to costs for photocopying. Accordingly, the proper inquiry is whether the photocopies were reasonably necessary to this case at the time they were made. Additionally, although the prevailing party is "not required to submit a bill of costs so detailed as to make it impossible economically to recover photocopying costs," <u>Northbrook Excess & Surplus Ins. Co. v. Proctor & Gamble Co.</u>, 924 F.2d 633, 643 (7th Cir. 1991), a bill of costs must be sufficiently detailed to enable a court "determine whether the copies in question were reasonably necessary for use in the case, [or else] the claim for costs should be denied," <u>Arachnid, Inc. v. Valley Recreation Prods., Inc.</u>, 143 F.R.D. 192, 194 (N.D. Ill. 1992); <u>Chemetall GmbH v. ZR Energy, Inc.</u>, 2001 WL 1104604, at *33 (N.D.Ill. Sept. 18, 2001).

Here, Defendants have submitted invoices detailing the number of copies made on certain dates and the amounts charged therefore. However, there is absolutely no

indication as to what was copied or for what purpose, even after Plaintiffs lodged their objections for lack of specificity, and the Court would be acting well within its discretion to deny any award for photocopying costs. That being said, the Court finds that it would be reasonable to reduce the copying costs sought by 50% for lack of specificity and awards $839.71 as costs for photocopying.

### D. Facsimile and Federal Express Charges

Defendants seek $592.30 in charges for faxing or receiving faxed documents and $183.10 for delivering documents by Federal Express. Again, Defendants are improperly attempting to shift the expenses of attorney overhead and convenience to the opposing party under the thinly veiled guise of costs. *See* Downes v. Volkswagen of America, Inc., 41 F.3d 1132, 1144 (7th Cir. 1994) (recognizing that recovery of such costs has been disallowed "on the grounds that such expenses are generally considered overhead, or part of the cost of operating a law firm"); Williams v. Aztar Indiana Gaming Corp., 2003 WL 21251657, at *2 (N.D.Ill. April 10, 2003); Spina v. Forest Preserve District of Cook County, 2002 WL 1770010, at *8 (N.D.Ill. July 31, 2002). This will not be permitted, and the Court declines to award the $775.40 sought.

### E. Copyright Office Charges

Defendants request $999.52 in costs for copyright research and additional copyright-related services by the United States Copyright Office. According to the invoice submitted, these charges included two separate charges of $200.00 each totaling $400.00 for expedited services, $360.00 for research fees, and another $77.02 for Federal Express delivery. As previously held, the research fees are akin to attorney overhead, and charges for expedited handling or express delivery are overhead expenses incurred for attorney

convenience that may not be shifted to the opposing party. Thus, out of the $999.52 sought, only $162.50 is properly awarded.

> F.    Travel Expense

Subsumed within the category of Other Costs is a $25.00 charge for a "travel expense" that represents train ticket for one of the attorneys to travel to Chicago and an $11.00 cab fee for traveling to the courthouse in Chicago to retrieve a certificate of good standing to support one attorney's admission to practice in the Central District. Again, travel expenses are items of attorney overhead that are not properly awarded as costs and will not be awarded in this case. *See* Calderon v. Witvoet, 112 F.3d 275, 276 (7th Cir. 1997) (finding that travel expenses are not recoverable as costs of suit, but rather are considered as part of a fee award "because travel and meal expenses are the sort of things that a lawyer includes with a bill for professional services.")

### CONCLUSION

For the reasons set forth above, the Motion for Attorney's Fees [#60] is DENIED, and the Clerk is directed to tax costs in the amount of $1,082.21 in favor of Defendants and against Plaintiff.

ENTERED this 24th day of August, 2006.

s/ Michael M. Mihm<br>
Michael M. Mihm<br>
United States District Judge